NUMBER 13-09-00699-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


CLINTON RAY CURTIS, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 




On appeal from the 24th District Court of 


DeWitt County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Yañez and Garza

Memorandum Opinion by Justice Yañez

 Appellant, Clinton Ray Curtis, pleaded guilty to burglary of a habitation. (1) The trial
court deferred adjudication of the offense and placed appellant on community supervision
for a period of ten years. The State filed a motion to adjudicate appellant guilty and a
petition for revocation of probated sentence alleging that appellant had violated the terms
of his community supervision by, among other things, committing the offenses of robbery,
burglary of a habitation, and retaliation. (2) Appellant pleaded "not true" to all of the State's
allegations. After hearing evidence, the trial court found that appellant committed the
violations of community supervision as alleged in the State's motion, revoked appellant's
community supervision, found appellant guilty of burglary of a habitation, and sentenced
appellant to twenty years' confinement. The trial court certified appellant's right to appeal,
and this appeal followed. We affirm.

I. Anders Brief

 Pursuant to Anders v. California, (3) appellant's court-appointed appellate counsel has
filed a brief with this Court stating that, after examining the record, she has concluded that
"there are no reversible grounds of error and that an appeal would be frivolous." After
discussing whether the evidence was sufficient to revoke appellant's community
supervision and whether the trial court abused its discretion in sentencing appellant,
counsel concludes that these arguable issues are without merit. Counsel's brief meets the
requirements of Anders as it presents a professional evaluation showing why there are no
non-frivolous grounds for advancing on appeal. (4)

 In compliance with High v. State, (5) appellant's counsel has carefully discussed why,
under controlling authority, there are no errors in the trial court's judgment. Counsel has
informed this Court that she has (1) forwarded a copy of the brief and her request to
withdraw as counsel to appellant, (2) informed appellant of his right to review the record
and to file a pro se response, and (4) forwarded a copy of the record to appellant. (6) More
than an adequate period of time has passed, and appellant has not filed a pro se
response. (7)II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. (8) We have reviewed the
entire record and counsel's brief and have found nothing that would arguably support an
appeal. (9) Accordingly, we affirm the judgment of the trial court.

III. Motion to Withdraw

 In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. (10) We grant counsel's motion to withdraw.

 Within five days of the date of this Court's opinion, counsel is ordered to send a
copy of the opinion and judgment to appellant and to advise appellant of his right to file a
petition for discretionary review. (11)




 

 
 

Do not publish.

Tex. R. App. P. 47.2(b).

Delivered and filed the

23rd day of August, 2010.




 
1. See Tex. Penal Code Ann. § 30.02 (Vernon 2003).
2. The State further alleged that appellant had: (1) violated his court-ordered curfew; (2) failed to
complete his court-ordered community service restitution hours; (3) failed to submit a copy of his IRS return
to the supervision department by April 15, 2009; and (4) failed to make his monthly court costs, supervisory
fees, and restitution payments.
3. 386 U.S. 738, 744 (1967).
4. See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an Anders brief
need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record
references to the facts and procedural history and set out pertinent legal authorities.") (citing Hawkins v. State,
112 S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510
n.3 (Tex. Crim. App. 1991).
5. High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).
6. See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d
at 409 n.23. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with
the rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d at 409 n.23 (quoting Wilson v. State, 955
S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
7. See In re Schulman, 252 S.W.3d at 409.
8. Penson v. Ohio, 488 U.S. 75, 80 (1988).
9. See Bledsoe v. State, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders
briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record
for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate
Procedure 47.1."); Stafford, 813 S.W.2d at 509. 
10. See Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v.
State, 903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no pet.) (noting that "[i]f an attorney believes the
appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the
appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the
appeal is frivolous") (citations omitted)).
11. See Tex. R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006). No substitute counsel will be appointed. Should appellant wish to
seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to
file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for
discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion
for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary review
must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. See Tex.
R. App. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4
of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 68.4.